### 17543.   MORELAND *v.* THE STATE.

The indictment in this case, which charged two persons with murder, alleged to have been committed with an automobile driven and operated by them, was not subject to demurrer on the ground that it did not show which one of them was actually driving, or that there was no allegation of conspiracy or of joint action or common intent to violate the law.

The evidence on the trial of the owner of the automobile, who was being driven therein by his chauffeur, the other defendant, when the killing occurred, authorized the verdict of guilty of involuntary manslaughter in the commission of an unlawful act.

DECIDED JULY 28, 1927.   REHEARING DENIED AUGUST 12, 1927.

Involuntary manslaughter; from Cobb superior court—Judge Blair.   May 22, 1926.

Application for certiorari was denied by the Supreme Court.

*Fred Morris, L. W. Camp, Branch & Howard,* for plaintiff in error, cited, on the general grounds of the motion for a new trial, *Fudge* v. *State,* 148 *Ga.* 149; *Walker* v. *State,* 118 *Ga.* 10; People v. Scanlon, 132 N. Y. App. Div. 528 (117 N. Y. Supp. 57); Commonwealth v. Druschell, 66 Pitts. Leg. Jour. (Pa.) 520.

*George D. Anderson, solicitor-general,* contra.

BLOODWORTH; J.   The demurrer to the indictment was properly overruled.

2.   To a question certified to it by this court the Supreme Court answered as follows: "Two men, on a rainy day, were traveling in an automobile on a public highway in this State. One was the owner of the car, and the other was the owner's chauffeur,

---

Homicide, 30 C. J. p. 317, n. 71.

who was driving. While the automobile was moving at the rate of fifty miles an hour, and as it approached a sharp curve on the highway and on the wrong side of the highway, at the same unlawful rate of speed, it collided with another automobile which was being driven in the opposite direction, and the collision caused the death of a woman who was riding in the latter car. At the scene of the collision, and almost immediately thereafter, the chauffeur stated that he lost control of the car when he attempted to wipe the rain off the windshield. The owner and the chauffeur were both indicted for murder, and the owner was put upon trial and convicted of involuntary manslaughter in the commission of an unlawful act; the chauffeur not being apprehended. The evidence authorized a finding that the woman was killed by the chauffeur, the operator of the automobile, without intention to do so, but in the commission of an unlawful act which in its consequences did not naturally tend to destroy a human being. There was no evidence authorizing a finding that the owner was operating the automobile at any time, or that he directed the chauffeur in the operation, or aided, abetted, or concurred in the unlawful manner in which the car was operated, except the following facts: The owner was riding in the car while his chauffeur was driving it in an unlawful manner, as stated. About five minutes after the collision the owner said to the chauffeur, 'We must catch the train and get away from here;' and the chauffeur soon afterwards left the scene and has never been apprehended. About an hour after the collision the owner appeared at the railroad office in Marietta and bought two tickets to Chattanooga. Another man was with him. The next train left for Chattanooga about fifteen minutes afterwards. About three hours after this train left Marietta, the owner was arrested in a taxicab near Marietta, and while being driven towards that city. *Held*, that a verdict finding the owner guilty of involuntary manslaughter in the commission of an unlawful act was authorized as a matter of law." 164 *Ga.* 467 (139 S. E. 77).

3. As far as they properly present any questions for determination by this court which are not settled by the foregoing answer to the question certified to the Supreme Court, there is no merit in any of the other assignments of error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*